# United States District Court
# Central District of California

TODD BERTRANG; OPHIE BELTRAN,

Plaintiffs,

v.

IVORY HOLDINGS, LLC, a limited liability company; LIDO SAILING CLUB, LLC, a limited liability company, and DOES 1 through 10, inclusive,

Defendants.

Case № 2:20-cv-10519-ODW (ASx)

## ORDER GRANTING MOTIONS TO DISMISS [32] [33]

## I.    INTRODUCTION

Plaintiffs Todd Bertrang and Ophie Beltran bring this action against Defendants Ivory Holdings, LLC and Lido Sailing Club, LLC for renting a property to Plaintiffs that was allegedly tainted with toxic substances.  (First Am. Compl. ("FAC"), ECF No. 29.)  Both Ivory and Lido move to dismiss, separately.  (Lido's Mot. Dismiss ("Lido's Mot."), ECF No. 32; Ivory's Mot. Dismiss ("Ivory's Mot."), ECF No. 33.)  Plaintiffs filed two Oppositions to Lido's Motion but failed to file any opposition to Ivory's Motion.  (*See* First Opp'n to Lido's Mot. to Dismiss ("Opp'n"), ECF No. 40;

Second Opp'n to Lido's Mot. to Dismiss, ECF No. 41.) Neither Defendant filed any reply. (*See* Docket.) For the reasons discussed below, both Motions are **GRANTED**.[1]

## II.    BACKGROUND[2]

Ivory owns certain property (the "Premises"), which Bertrang subleased from Defendants from May 2014 "through December 2020."[3] (FAC ¶¶ 9–11.) Beltran is "a vendor that does packaging for [Bertrang] at the Premises." (*Id.* ¶ 1.) Non-parties Autocats, Inc. and ELV Recycling, Inc. are previous tenants of the Premises who recycled motor vehicle parts and metals, causing "dangerous chemicals . . . such as Chromic Acid and Spent Catalyst" to be "deposited at the Premises." (*Id.* ¶¶ 13–14.)

"When Plaintiffs entered the [P]remises, on or about May 2014, [they] were not made aware of the dangerous chemicals" therein, and "[t]his caused Plaintiffs to unknowingly be exposed to chemicals such as Chromic Acid and Spent Catalyst." (*Id.* ¶ 15.) Plaintiffs subsequently "discovered" such exposure on or about late August 2019. (*Id.* ¶ 16.) As a result of the exposure, Todd suffered "complete renal failure requiring hospital treatment, loss of 75% of his lung function, an inflamed bleeding colon, memory problems, an inflamed spine, extreme vision loss, extreme fatigue, and organ malfunctioning and loss." (*Id.* ¶ 22(a).) As for Beltran, she suffered "extremely swollen (almost non-functional) hands, extremely swollen joints, . . . numbness in her extremities, inflamed legs, back, and spine, memory problems and daily migraines." (*Id.* ¶ 22(b).)

Based on the foregoing, Plaintiffs assert five causes of action: (1) violation of the Resource Conservation and Recovery Act of 1976 ("RCRA"), 42 U.S.C. § 6901 *et seq.*, (2) negligence under premises liability, (3) strict liability for ultrahazardous

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[2] For purposes of these Rule 12 Motions, the Court takes all of Plaintiffs' well-pleaded allegations as true. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

[3] Although the FAC does not indicate how or why Lido is involved, Plaintiffs explain in opposing Lido's Motion that Lido is a tenant of Ivory who subleased the Premises to Bertrang. (*See* Opp'n 4.)

activity, (4) negligent infliction of emotional distress, and (5) intentional infliction of emotional distress. (*Id.* ¶¶ 18–59.) Now, Defendants move to dismiss.

### III.      LEGAL STANDARD

Under Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A challenge pursuant to Rule 12(b)(1) may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Where a defendant brings a facial attack on the district court's subject-matter jurisdiction under Rule 12(b)(1) the court "assume[s] [plaintiff's] [factual] allegations to be true and draw[s] all reasonable inferences in his favor." *Wolfe v. Strankman*, 392 F.3d 358, 360 (9th Cir. 2004). By contrast, in a factual attack the challenger disputes the "truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Wolfe*, 392 F.3d at 362 (citing *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).

A court dismissing a complaint should provide leave to amend if the complaint could be saved by amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *see also* Fed. R. Civ. P. 15(a)(2) ("The Court should freely give leave when justice so requires."). Reasons to deny leave to amend include "bad faith, undue delay, prejudice to the opposing party, and/or futility." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quoting *William O. Gilly Enters. v. Atl. Richfield Co.*, 588 F.3d 659, 669 n.8 (9th Cir. 2009)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

### IV.      DISCUSSION

Between Lido and Ivory, they assert at least five unique arguments for dismissal. (*See generally* Lido's Mot.; Ivory's Mot.) The Court need not address them all because, among other reasons, Ivory correctly argues that Plaintiffs fail to sufficiently allege standing to bring a claim under RCRA. (Ivory's Mot. 10–11.)

## A. Plaintiffs' RCRA Claim

"RCRA is a comprehensive environmental statute that governs the treatment, storage, and disposal of solid and hazardous waste." *Meghrig v. KFC Western, Inc.*, 516 U.S. 479, 483 (1996). Its "primary purpose . . . is to reduce the generation of hazardous waste and to ensure the proper treatment, storage, and disposal of that waste which is nonetheless generated, 'so as to minimize the present and future threat to human health and the environment.'" *Id.* (quoting 42 U.S.C. § 6902(b)). The RCRA provision under which Plaintiffs assert their claim, 42 U.S.C. § 6972(a)(1)(B), permits private citizens to bring RCRA claims "against any person who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment." *Ecological Rts. Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 514 (9th Cir. 2013) (emphasis added) (quoting 42 U.S.C. § 6972(a)(1)(B)).

Under Article III, the Court's jurisdiction is limited to cases and controversies, and "[s]tanding is an essential, core component of [that] requirement." S*an Diego Cnty. Gun Rts. Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). To have standing, Plaintiffs must demonstrate an injury-in-fact to a legally protected interest that is concrete and particularized and actual or imminent, a causal connection between their injury and the conduct complained of, and a likelihood the injury will be redressed by a favorable decision. *Id.* Under this standard, "[t]he mere existence of a statute, which may or may not ever be applied to plaintiffs, is not sufficient to create a case or controversy within the meaning of Article III." *Stoianoff v. Montana*, 695 F.2d 1214, 1223 (9th Cir. 1983).

Section 6972(a)(1)(B) only provides a cause of action for injunctive relief. *Meghrig*, 516 U.S. at 484. To assert such a claim, "there must be a threat which is present *now*, although the impact of the threat may not be felt until later." *Id.* at 486

(quoting *Price v. U.S. Navy*, 39 F.3d 1011, 1019 (9th Cir. 1994)).  Where plaintiffs no longer have any interest in the subject property, they lack standing to bring a claim under § 6972(a)(1)(B) because they would no longer benefit from any relief that could be granted.  *See, e.g., Doyle v. Town of Litchfield*, 372 F. Supp. 288, 302 (D. Conn. 2005) ("[N]one of the injuries [plaintiff] alleges can be redressed by a favorable RCRA decision" where "[plaintiff] no longer has an interest in the [premises].");  *Wademan v. Concra*, 13 F. Supp. 2d 295, 304–05 (N.D.N.Y 1998) ("The plaintiffs are not faced with an imminent harm because they are no longer associated with the [premises].  They therefore lack standing because any remedial action [under RCRA] would not [a]ffect or assist the plaintiffs.").

Here, Plaintiffs allege that they "continued occupying the Premises . . . through December 2020."  (FAC ¶ 11; *see also* Opp'n 3 ("Plaintiffs occupied the Premises through December 2020.").)  Plaintiffs do not allege any *current* interest in the Premises.  Thus, Plaintiffs lack standing to bring their RCRA claim.  Although this argument was raised only by Ivory, it applies with equal force to the extent Plaintiffs' RCRA claim is asserted against Lido.  *See Abignin v. AMVAC Chem. Corp.*, 545 F.3d 733, 743 (9th Cir. 2008) ("A district court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants." (brackets omitted).).  Accordingly, Plaintiffs' first cause of action under RCRA is **DISMISSED**.

**B.  No Leave to Amend**

Additionally, the Court finds leave to amend would be futile, for three reasons.

*1.  Failure to Oppose*

First, Plaintiffs did not oppose Ivory's Motion, and the Court deems the non-opposition as consent to the granting of Ivory's Motion.  "The failure to file [an opposition], or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."  C.D. Cal. L.R. 7-12; *see Hines v. Toyota Motor Sales, U.S.A., Inc.*, 504 F. App'x 642, 643 (9th Cir. 2013) (affirming grant of

unopposed motion to dismiss, based on Local Rule 7-12).  Before granting an unopposed motion, courts must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  The first factor always weighs in favor of dismissal, *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999), and the fourth factor often weighs against dismissal, *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998).

Here, Plaintiffs' failure to oppose Ivory's Motion appears to have been intentional, as Plaintiffs did oppose Lido's Motion, which was noticed for hearing on the same date as Ivory's Motion.  (*See* Opp'n.)  Additionally, although the Court is not required to consider the merits of the Motion before granting it as unopposed, *see Wystrach v. Ciachurski*, 267 F. App'x 606, 609 (9th Cir. 2008), dismissal in this instance *is* on the merits, as explained above.  Accordingly, the Court finds that the first, second, third, and fourth *Ghazali* factors weigh in favor of dismissal, while the fifth *Ghazali* factor is neutral, at worst.

### 2.    *Plaintiffs' Proposed Amendments Would Be Ineffectual*

Second, half of Plaintiffs' Opposition to Lido's Motion is devoted to explaining why leave to amend should be granted.  (*See* Opp'n 6–8.)  Significantly, not a single proffered amendment suggests that Plaintiffs have any current interest in or association with the Premises.  (*See id.* at 7–8.)

### 3.    *Existing Allegations Show Lack of Standing*

Third, the Court infers from Plaintiffs' FAC and Opposition that Plaintiffs are, in fact, no longer tenants at the Premises.  Plaintiffs have made clear that they *were* subtenants "through December 2020."  (FAC ¶ 11; Opp'n 3.)  "A party cannot amend pleadings to 'directly contradict an earlier assertion made in the same proceeding.'" *Airs Aromatics, LLC v. Op. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (brackets omitted) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1307

(9th Cir. 1990)); *see also Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990) ("[An] amended complaint may only allege 'other facts consistent with the challenged pleading.'" (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

In short, Plaintiffs have been given—and in fact have attempted to capitalize on—ample opportunities to provide any indication that amendment would not be futile. The Court remains convinced that leave to amend would be futile. Thus, leave to amend Plaintiffs' RCRA claim is **DENIED**.

## C. Remaining State Law Claims

The rest of Plaintiffs' claims are brought under state law. When a complaint in federal court includes both federal claims and state law claims, and the federal claims are dismissed before trial, the district court has discretion regarding whether to exercise supplemental jurisdiction over state law claims or dismiss them in favor of state court. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009). Where other factors do not support the state law claims remaining in federal court, the general preference is for the district court to dismiss those claims. *Schneider v. TRW, Inc.*, 938 F.2d 986, 993 (9th Cir. 1991); *Wren v. Sletten Constr. Co.*, 654 F.2d 529, 536 (9th Cir. 1981). "The Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri*, 114 F.3d at 1001 (internal quotation marks and alterations omitted). Here, no factors support Plaintiffs' state law claims in federal court. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining causes of action, which are **DISMISSED without prejudice**.

## D. Request for Costs

Lastly, Lido requests costs pursuant to 28 U.S.C. § 1919, which provides: "Whenever any action or suit is dismissed in any district court . . . for want of

jurisdiction, such court may order the payment of just costs."[4]  (*See* Lido's Mot. 9.) Section 1919 "is explicitly a discretionary cost statute" that "stands in stark contrast to costs under Rule 54(d), which turns on a prevailing party standard."  *Otay Land Co. v. United Enters. Ltd.*, 672 F.3d 1152, 1157 (9th Cir. 2012) (citing *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003)).  Under § 1919, "the proper standard for 'just' costs is what is most fair and equitable under the circumstances." *Id.* at 1159.

Here, it was Ivory, not Lido, who raised the issue of standing discussed above. (Ivory's Mot. 10–11.)  In fact, the only jurisdiction argument raised by Lido was that the Court should decline supplemental jurisdiction over Plaintiffs' state law claims. (Lido's Mot. 7–8.)  Yet it is Lido, not Ivory, who seeks costs.  (*Id.* at 9.)  The Court finds that an award of costs to either Lido or Ivory would not be fair or equitable under the circumstances, so the request for costs is **DENIED**.

## V.  CONCLUSION

In summary, both Motions to Dismiss are **GRANTED**.  (ECF Nos. 32, 33.) Plaintiffs' first claim, brought under RCRA, is **DISMISSED with prejudice**.  The Court declines to exercise supplemental jurisdiction over the remaining claims in this action, which are **DISMISSED without prejudice**.   All dates and deadlines remaining in this action are **VACATED**.  The Clerk of Court shall close this case.


**IT IS SO ORDERED.**


July 6, 2021

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

---

[4] Lido cites to "42 U.S.C. § 1919," erroneously it seems, as the quoted language appears in 28 U.S.C. § 1919.  (*See* Lido Mot. 9.)